[Cite as *State v. Bibbs*, 2013-Ohio-5790.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellee                    :          C.A. CASE NO.     25649

v.                                               :          T.C. NO.     12CRB3280

ERIKA BIBBS                                      :          (Criminal appeal from
                                                             Municipal Court)

    Defendant-Appellant                   :

                                                 :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____31st____ day of _____December_____, 2013.

. . . . . . . . . .

STEPHANIE COOK, Atty. Reg. No. 0067101, 335 W. Third Street, Room 372, Dayton, Ohio 45402
    Attorney for Plaintiff-Appellee

WILMER J. DECHANT, JR., Atty. Reg. No. 0085084, 20 King Avenue, Xenia, Ohio 45385
    Attorney for Defendant-Appellant

ERIKA BIBBS, 53 Rockwood Avenue, Dayton, Ohio 45405
    Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

    **{¶ 1}**  Erika Bibbs was found guilty after a jury trial in the Dayton Municipal

Court of violating a civil protection order. The trial court sentenced her to 180 days in jail (all of which were suspended), one year of "basic" community control with the specific condition that she have no contact with the complainant, and a fine of $50. Bibbs was also required to pay court costs. For the following reasons, the trial court's judgment will be affirmed.

{¶ 2}     Bibbs's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that after thoroughly examining the record and the law, he found no potentially meritorious issues for appeal. Counsel set forth one potential assignment of error, namely that the trial court erred in excluding admissible evidence. Counsel did not identify what evidence should have been admitted. The State has not filed a responsive brief.

{¶ 3}     By entry, we informed Bibbs that her attorney had filed an *Anders* brief on her behalf and granted her 60 days from that date to file a pro se brief. To date, no pro se brief has been filed.

{¶ 4}     Upon an initial review, we noted that Bibbs's sentencing hearing and the presentence investigation report were not part of the record, and we ordered that the record be supplemented with these items. We granted Bibbs's counsel an opportunity to file a supplemental brief addressing any issues he might find related to Bibbs's sentencing. Appellate counsel's supplemental brief indicated that he did not find any meritorious claims relating to Bibbs's sentencing.

{¶ 5}     Pursuant to our obligation under *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we have conducted an independent review of the record,

including the trial court's docket, the trial transcript, the sentencing transcript, and the presentence investigation report. Having reviewed the record, we find no issues having arguable merit.

{¶ 6} According to the State's evidence at trial, the complainant, Keinde Sutton, and Bibbs were previously in a relationship, and they have a child together. In 2012, their relationship was acrimonious. The parties stipulated that Sutton obtained an ex parte civil protection order against Bibbs on April 9, 2012, and Bibbs was served with that order on April 16, 2012. The order prohibited Bibbs from harassing or threatening Sutton, and it required Bibbs to stay at least 500 feet away from Sutton. Bibbs was also required to leave immediately if she were to come into contact with Sutton accidentally.

{¶ 7} In May 2012, Sutton's and Bibbs's child was ten years old. Sutton and Bibbs both have children from other relationships, and some of their children attend the same elementary school. Bibbs has custody of all of her children, including her child with Sutton. Sutton has custody of a son (not with Bibbs) who was in second grade in May 2012.

{¶ 8} On May 7, 2012, Sutton drove to the elementary school to pick up his younger son upon dismissal. Sutton walked to the front door of the school and brought his son back to the car. As Sutton was driving through the circular drive in front of the school, he heard Bibbs, who was also picking up her children from school, yelling at him from her vehicle. (Sutton stated that Bibbs did not routinely pick up her children from school; her children often took the bus home.) Bibbs called Sutton a variety of obscenities and said that she was "going to have somebody whoop [his] ass." Sutton believed that Bibbs was yelling

loudly enough for the school's security officer to hear her. Sutton did not respond to Bibbs. When he reached his home, he called the police.

{¶ 9} Sutton's son testified at trial and corroborated that Bibbs had yelled loudly at Sutton from her car. The child testified that Bibbs sounded "mad" and said "the P word." He stated that his father (Sutton) just drove away.

{¶ 10} In her defense, Bibbs called Ronald Martin, the school resource officer (security officer), who testified that he did not see Bibbs or Sutton on May 7, 2012, and that he did not hearing anyone in vehicles yelling profanity, which he "should be able to." Martin stated that he knew Bibbs and Sutton and would recognize their voices. Bibbs also testified on her own behalf. She denied that she and Sutton had any contact on May 7, 2012. She testified that Sutton put "a piece of paper" out his window as he drove past her, but "no words were spoken either way."

{¶ 11} Bibbs's counsel asserts that the trial court potentially erred by "disallow[ing] the admission of evidence that should have been admissible." Counsel does not direct us to a specific portion of the record, and we find no evidentiary rulings by the trial court that arguably constitute error, much less reversible error.

{¶ 12} We note that the trial court did not inform Bibbs, as required by R.C. 2947.23(A)(1)(a), that she could be required to perform community service if she failed to pay the ordered court costs. However, as of September 28, 2012, the statute further provides that the failure to give this notice does not affect the court's ability to require community service. Bibbs was sentenced in February 2013, at which time she received community control sanctions. Thus, even though the trial court was required to provide

notice of the possibility of community service, that lack of notice does not affect the trial court's ability to later require community service. We find no arguable claim of reversible error based on the trial court's failure to provide the notice required by R.C. 2947.23(A)(1)(a).

{¶ 13} Upon our independent review of the entire record, we find no potential issues having arguable merit. Accordingly, the trial court's judgment will be affirmed.

. . . . . . . . . .

FAIN, P.J. and DONOVAN, J., concur.

Copies mailed to:

Stephanie Cook
Wilmer J. Dechant, Jr.
Erika Bibbs
Hon. Christopher D. Roberts